IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**CARLOS SPENCER,**

      **Plaintiff,**

v.                                           **Case 2:18-cv-02151-JPM-cgc**

**THE CHEESECAKE FACTORY,**

      **Defendant.**

---

**REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION**

---

Before the Court is Defendant The Cheesecake Factory's Motion to Dismiss and Compel Arbitration. (Docket Entry ("D.E.") #16). Pursuant to Administrative Order 2013-05, the instant motion was referred to the United States Magistrate Judge for Report and Recommendation. (D.E. #5). For the reasons set forth herein, it is RECOMMENDED that Defendant's Motion to Dismiss and Compel Arbitration be GRANTED.

**I.**       **Introduction**

On March 6, 2018, Plaintiff filed a *pro se* Complaint alleging violations of Title VII of the Civil Rights Act of 1962, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII"). (*See* D.E. #1). Specifically, he alleges that he was employed by The Cheesecake Factory, where he endured the use of racial slurs by his coworkers. (*Id*. ¶ 10). Plaintiff alleges that he filed "several complaints with management," after which he believed that he was "treated differently," which he alleges included being "punished for the smallest of things," being disallowed the "opportunity to seek

promotions," and being "lied to about openings."  (*Id*.).  Plaintiff alleges that his employment was eventually terminated "due to an accusation that wasn't as severe as actions caused by others, still employed." (*Id*.)  Plaintiff alleges that he filed a charge with the Equal Employment Opportunity Commission ("EEOC") on November 31, 2017 and that he received his right to sue letter from the EEOC on December 6, 2017.  (*Id*. ¶¶ 12, 14 & Exh. 1).  Plaintiff seeks back pay and compensatory damages for "mental anguish [and] emotional distress."  (*Id*. at 6).

On July 31, 2019, Defendant filed its Motion to Dismiss and Compel Arbitration.  Therein, Defendant asserts that Plaintiff entered into a Mutual Agreement to Arbitrate Claims ("Arbitration Agreement") upon being hired.  (Def.'s Mot. to Dismiss and Compel Arbitration, Exh. A).  Defendant avers that the Arbitration Agreement requires the parties to "arbitrate before a neutral arbiter any and all disputes or claims . . . that arise out of or related to [his] . . . employment or separation from employment with the Company . . . ." (*Id*. at 1)  The Arbitration Agreement further sets forth that covered claims include "wrongful termination of employment," "retaliation," "infliction of emotional distress," and violations of Title VII.  (*Id*. at 2). Accordingly, Defendant argues that arbitration should be compelled and that Plaintiff's claims should be dismissed pursuant to Section 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1, *et seq*. and Federal Rules of Civil Procedure 12(b)(1), 12(b)(3), 12(b)(6), and 56.

Local Rule 12.1(b) provides that "[a] party opposing a motion to dismiss must file a response within 28 days after the motion is served."  Local Rule 56.1 similarly provides that "[a] party opposing a motion for summary judgment must file a response within 28 days after the motion is served or a responsive pleading is due, whichever is later."  Plaintiff failed to comply with these rules.  Thus, on September 12, 2019, the Court issued an Order to Show Cause

directing Plaintiff to file a response within fourteen (14) days of its entry. (*See* D.E. #17). The Order to Show Cause further stated as follows: "Should Plaintiff fail to respond, this Court will recommend to the District Court that the Motion [to Dismiss and to Compel Arbitration] be granted." (*Id.*) To date, Plaintiff has failed to file any response to Defendant's Motion to Dismiss and Compel Arbitration.

## II.     Analysis

Here, Plaintiff was explicitly admonished that failure to comply with the Court's Order to Show Cause would result in a recommendation to the District Court that the instant motion be granted. Plaintiff nonetheless failed to respond. Thus, it is RECOMMENDED that Plaintiff has violated an order of this Court, and Defendant's Motion to Dismiss and Compel Arbitration should be GRANTED based upon this reason alone.

Additionally, Plaintiff's claim was filed pursuant to Title VII, sets forth allegations of wrongful termination, and seeks damages based upon emotional distress. The Arbitration Agreement clearly sets forth that such claims must be arbitrated. (*See* Def.'s Motion to Dismiss and Compel Arbitration, Exh. A at 1-2). Under such an agreement and pursuant to 9 U.S.C. §4, "[t]he court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed in arbitration in accordance with the terms of the agreement." Here, Plaintiff forfeited his opportunity to be heard such that no issues have been raised as to the making of the agreement or the failure to comply therewith. Thus, this court is required to enter an order directing the parties to proceed in arbitration in accordance with the terms of the agreement. Accordingly, based upon the provisions of 9 U.S.C. § 4, it is further

RECOMMENDED that Defendant's Motion to Dismiss and to Compel Arbitration be GRANTED.

### III. Conclusion

For the reasons set forth herein, it is RECOMMENDED that Defendant's Motion to Dismiss and to Compel Arbitration be GRANTED.

   **SIGNED** this 15th day of October, 2019.

                                        s/ Charmiane G. Claxton
                                        CHARMIANE G. CLAXTON
                                        UNITED STATES MAGISTRATE JUDGE


**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**